Case 4:13-cv-00581-O Document 12 Filed 01/29/14 Page 1 of 4 PageID 83

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 29 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID EARL MAJORS,<br>Petitioner, | § § § | |
| VS. | § | Civil Action No. 4:13-CV-581-O |
| RODNEY W. CHANDLER, Warden,<br>FCI-Fort Worth,<br>Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner David Earl Majors, Reg. No. 03136-180, is a federal prisoner who was incarcerated in the Federal Correction Institution in Fort Worth, Texas (FCI-Fort Worth), when this petition was filed. Petitioner has since been transferred to the Federal Medical Center in Butner (FMC Butner) located at Old N. Carolina Hwy 75, Butner, North Carolina, 27509.

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth, Texas.

## C. Procedural History

On March 27, 2001, a jury found petitioner guilty of one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), in the United States District Court for the Western District of Texas, Waco Division. *United States v. Majors*, PACER, U.S. Party/Case Index, Criminal Docket for Case # 6:00-cr-00028-WSS-2 (docket entries for 3/27/2001 & 4/10/2002). On April 10, 2002, petitioner was sentenced as a career-offender to a term of 262 months' imprisonment. *Id.*, (docket entry for 01/20/2012). Petitioner appealed his conviction and sentence and has filed numerous postconviction motions under 28 U.S.C. § 2255 and 18 U.S.C. § 3582 in the convicting court, two prior motions under 28 U.S.C. § 2241 in this court, and numerous appeals from denial of said motions. This third § 2241 petition was filed in this district, where petitioner was serving his federal sentence.

Due to petitioner's numerous and repetitive filings, on June 17, 2013, the Fifth Circuit entered its second order sanctioning petitioner, providing:

> Because Majors continues to disregard this court's warning about repetitive filings, he is ORDERED to pay a sanction in the amount of $250 to the Clerk of this Court, and he is BARRED from filing in this court or in any court subject to this court's jurisdiction any challenge to this conviction or sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge. Majors is once again CAUTIONED that filing any future frivolous or repetitive challenges to his conviction or sentence in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.

*Majors v. Chandler*, No. 12-11149, 530 Fed. Appx. 350 (June 17, 2013).

The Fifth Circuit has confirmed that, as of this date, the monetary sanction remains unpaid by petitioner, and petitioner has not moved for leave to file this 2241 petition in this court.

## II. RECOMMENDATION

Accordingly, it is recommended that this petition for writ of habeas corpus be DISMISSED without prejudice, subject to payment of the prior monetary sanction imposed upon petitioner in case number 12-11149 or leave from this court to re-file.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 19, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 19, 2014, to serve and file written objections to the United States Magistrate Judge's proposed findings,

3

conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January __29__, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE